FRANCIS J. DALLAM, SAMUEL BRADY, AND THE MAYOR
AND CITY COUNCIL OF BALTIMORE, *vs.* R. OLIVER'S EXE-
CUTORS.—*December* 1845.

Taxes levied for the city of *Baltimore*, on real estate, prior to 1840, ch. 63,
are not liens on the land, where there is a sufficiency of personal pro-
perty on the premises taxed, to pay the same.

The act of 1840, chap. 163, which authorised the city of *Baltimore* to provide,
by ordinance, for the prompt collection of taxes due the city, and to that
end, may and shall have power to sell real, as well as personal property,
will not be so construed, as to have a retrospective effect.

APPEAL from the Equity side of *Baltimore* county court.

On the 14th June 1841, the executors and devisees of *Ro-
bert Oliver*, filed a bill against *M. Winchester and others*, to
enforce a vendor's lien, for unpaid purchase money of land
sold, and obtained a decree for a sale by a trustee.

On the 7th May 1842, *Francis J. Dallam*, collector of the
city of *Baltimore*, filed a bill for taxes due on the land sold to
the *Mayor and City Council of Baltimore*, for the years 1833,
1834 and 1835, supported by affidavit.

On the 25th, *Samuel Brady*, another collector, filed a simi-
lar bill, for the years 1837 and 1838.

On the 30th September 1842, the trustee reported a sale,
which was finally ratified, and confirmed on the 16th Novem-
ber of that year.

The trustee was then ordered to pay the taxes claimed,
unless cause to the contrary be shown, &c., after notice, as
prescribed.

The complainants in the cause, excepted to the payment of
the taxes claimed :—

1. Because the same are no liens upon the land sold by the
trustee.

2. That the claims are barred by limitations.

The claimants then gave proof, that *G. Winchester*, the ten-
ant in possession, promised to pay the taxes aforesaid, within
two or three months of his death, in 1839.

It was admitted, that during *Mr. Winchester's* time, there
was always personal property of said *Winchester*, sufficient
to pay these taxes; and that he died in *August* 1839; that

there was personalty sufficient for the payment of the tax bills upon the property, at the time the taxes became due, and for a long time afterwards; and that a judgment was recovered in *Baltimore* county court, in the name of *The Mayor and City Council*, on the 6th September 1836, for the taxes of 1833, which is yet unsatisfied.

On the 13th October 1843, the county court, (MAGRUDER, A. J.,) decreed as follows:—

No petition has been filed in relation to these claims; but the question as to the liability of the fund in court, arising from the proceeds of sale of real estate, and that estate being the property upon which these taxes were imposed, has been submitted after argument for decision.

It was conceded by the counsel, who argued in support of the right to claim against the fund for these taxes, and an admission of that fact has since been filed, that there was at all times, from the date of the imposition of those taxes, until the death of the late *George Winchester*, a sufficiency of personal property on the premises, which could be made liable for the payment of them, and it thence follows, necessarily, that there is no ground to charge the land with the payment of those taxes, *Mayor and City Council of Baltimore vs. Ann Chase*, 2 *Gill & John.*, 381, unless the act of 1840, chap. 63, can be construed to extend to taxes laid before its passage, and to be intended by the legislature, to operate retrospectively.

It is not meant to deny the right of the legislature to have passed such an act, provided they had clearly so expressed such intention; but in the absence of any such expression, we must adhere to the rule adopted by the courts in the exposition of statutes, that they are to be construed to apply only to cases after their passage.

As the law stood, when those taxes were imposed, there could be no lien upon the land, because there was at all times a sufficiency of personal property on the premises, to satisfy the amount of taxes.

The claims, then, must be disallowed, as against the fund in court, and the claimants must pay the costs arising upon

their proceeding in this cause, for the recovery of the same out of that fund, and the clerk is to tax the same.

From this decree the claimants appealed.

The act of 1840, ch. 63, declared, that *The Mayor and City Council of Baltimore*, may and shall have full power to provide, by ordinance or otherwise, for the prompt collection of taxes due to the city of *Baltimore*, and to that end, may and shall have power to sell real, as well as personal property, any thing in any act of Assembly to the contrary notwithstanding.

The cause was argued before ARCHER, C. J., DORSEY, MAGRUDER and MARTIN, J.

By CAMPBELL for the appellant, and
By GLENN for the appellee.

BY THE COURT—                    DECREE AFFIRMED.